UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | Case No. 2:21-CV-01631 |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| UNITED STATES BAKERY D.B.A. FRANZ FAMILY BAKERIES, INC. | |
| Defendant. | |

## I.  STIPULATIONS

Solely for the purposes of this Consent Decree, Defendant United States Bakery, an Oregon corporation dba Franz Family Bakeries[1] ("USB"), and Plaintiff Waste Action Project, a Washington nonprofit corporation ("WAP"), (together, the "Parties") stipulate as follows:

---

[1] In its notice letter and complaint, Plaintiff incorrectly lists USB's assumed business name as "Franz Family Bakeries, Inc."

CONSENT DECREE – Page 1
No. 2:21-CV-01631

1. USB owns and operates a commercial bakery and bakery outlet store at or near 2901 6th Avenue South in Seattle, Washington 98134 ("Facility"), which is depicted on the figure attached as **Exhibit 1**.

2. USB discharges stormwater associated with industrial activity from the Facility under Industrial Stormwater General Permit No. WAR-002292 ("Permit") issued by the Washington Department of Ecology ("Ecology").

3. WAP issued USB a notice of intent to sue letter dated September 20, 2021, and filed a complaint on December 7, 2021, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that USB is in ongoing violation of certain terms and conditions of its Permit.

4. WAP's complaint seeks declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs.

5. USB does not admit and expressly denies liability for all of WAP's claims alleged in the notice of intent to sue letter and complaint.

6. This Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

7. On April 7, 2022, WAP filed a notice of appeal with the Washington Pollution Control Hearings Board ("Appeal") to object to an administrative order issued by Ecology to USB on March 1, 2022 (#21048) ("Order"). USB is a named Respondent in the Appeal. In the Order, Ecology granted USB a requested modification of the Permit by allowing a waiver of a Level 3 corrective action. On April 29, 2022, the Parties filed a stipulated motion to stay the proceedings in this Court until a final decision is made by the Pollution Control Hearings Board.

8. The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree

CONSENT DECREE – Page 2
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

without additional litigation is the most appropriate means of resolving this action. The Parties agree that this Consent Decree is fair, reasonable, equitable, does not violate the law or public policy, comes within the scope of the pleadings, and furthers the broad objectives upon which WAP based the complaint. See *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set out in WAP's notice of intent to sue and complaint.

9. The signatories for the Parties certify that they are authorized by the party they represent to enter into this Consent Decree.

| WASTE ACTION PROJECT | UNITED STATES BAKERY |
|---|---|
| */s/ Greg Wingard* | */s/ Michael R. Petitt* |
| Greg Wingard, Executive Director | Michael R. Petitt, CFO |
| SMITH & LOWNEY, PLLC | TONKON TORP LLP |
| */s/* | */s/* |
| Richard Smith, WSBA No. 21788 | Caroline Harris Crowne, |
| Savannah Rose, WSBA No. 57062 | WSBA No. 42320 |
| Attorneys for WAP | Attorneys for United States Bakery |

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the stipulations and the terms and conditions set out below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

[PROPOSED] CONSENT DECREE – Page 3
No. 2:21-CV-01631

2. This Consent Decree will inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees.

3. This Consent Decree and any injunctive relief ordered within applies solely to USB's operation and oversight of the Facility, which is subject to the Permit.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in WAP's notice of intent to sue letter, complaint, and all other claims known or unknown existing as of the date of entry of this Consent Decree related to violations of the Permit that could be asserted under the CWA against USB, its present and former officers, directors, employees, affiliates, shareholders, representatives, consultants, contractors, agents, attorneys, predecessors, successors or assigns. These claims are forever released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by WAP in this case or of any fact or conclusion of law related to those allegations.

6. The Effective Period will begin upon entry of the Consent Decree by the Court and terminate 18 months thereafter ("Effective Period").

7. During the Effective Period of this Consent Decree, USB agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree.

    A. USB will fully comply with the terms and conditions of the Permit, or any successor permit authorizing discharges of stormwater associated with industrial activity from the Facility, for the Effective Period. Nothing in this sub-paragraph affects USB's ability to request that Ecology modify or

CONSENT DECREE – Page 4
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

terminate Permit coverage for the Facility as permitted under the terms and conditions of the Permit or as otherwise authorized by law. In the event Ecology issues a new or modified permit authorizing discharges of stormwater from the Facility and superseding the current Permit, USB's compliance will be governed by that permit or permit modification rather than the superseded Permit.

B. USB will provide WAP copies of all Permit-related submissions to Ecology and communications to and from Ecology on a quarterly basis. Such submissions will be made by email and sent to savannah@smithandlowney.com and gregwap@earthlink.net.

C. USB will proactively inspect, store, and maintain the vehicles in USB's fleet at the Facility in accordance with the Permit's requirements related to vehicles.

D. USB will conduct weekly vacuum sweeping of the paved parking lot at the Facility, as well as weekly hand sweeping of areas that the vacuum sweeper cannot reach.

E. USB will maintain and replace the Facility's catch basin filters and oil-absorbent pillows at least annually prior to September 1, or more frequently as determined by USB based on visual inspection or monitoring results.

F. USB will maintain the Permit-required stormwater pollution prevention plan, including completing and maintaining required forms and updating the description of best management practices ("BMPs") to accurately reflect the implemented BMPs at the Facility.

G. USB will revise the stormwater plan map to include all areas used by USB for parking of USB's fleet vehicles adjacent to the Facility even if

CONSENT DECREE – Page 5
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

such areas are not owned by USB, including the graveled area located across the railroad tracks adjacent to the Facility.

        H.     USB will collect grab samples of stormwater at the Permit-specified discharge monitoring point at the Facility and analyze them for oil and grease using the Ecology NWTPH-Dx method at a frequency of twice per calendar quarter during each of the first and fourth calendar quarters and once per calendar quarter during each of the second and third calendar quarters. USB shall not be in violation of the foregoing provision if USB encounters any of the conditions enumerated in the Permit that excuse sampling, such as for discharges outside of regular business hours, unsafe conditions, or lack of discharges. For purposes of this Consent Decree, the benchmark for oil and grease is 15 mg/L. Results for oil and grease samples collected more than once per quarter will be averaged and compared to the 15 mg/L benchmark.

        I.     For any exceedance of the effluent benchmark for oil and grease (15 mg/L) that occurs during the Effective Period, USB will investigate the cause, review the stormwater pollution prevention plan for sufficiency, and revise the stormwater pollution prevention plan to include additional operational stormwater BMPs. If USB exceeds the applicable benchmark for oil and grease in three quarters during a 12-month period, USB will install an oil and water separator ("OWS") capable of capturing and treating all stormwater flowing through outfall OO1, i.e., the stormwater sampling point, into the municipal stormwater system. Before installing such treatment BMP, USB will submit an engineering report meeting the requirements of Permit Section S8.D.3 (or equivalent section in any future general industrial stormwater permit) to WAP thirty days before installation of the OWS. In addition, USB will submit

CONSENT DECREE – Page 6
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

an OWS operation and maintenance plan to WAP no later than thirty days after installation is complete.

J.  In lieu of a penalty under the CWA, USB will make a payment in the amount of $75,000 to EarthCorps, as described in **Exhibit 2**. The check will be made to the order of the EarthCorps and delivered to:

>   EarthCorps
>   6310 NE 74th St
>   Seattle, WA 98115

Such payment will be made within seven days of the entry of this Consent Decree by this Court with confirmation of payment provided to WAP at the same time.

K.  Within seven days of entry of this Consent Decree by this Court, USB will pay $45,000 for settlement of WAP's attorney fees and costs incurred in this litigation up through the date of WAP's and USB's full execution of this Consent Decree and complete satisfaction of any claims WAP may have under the CWA for attorney fees and litigation costs and expenses, including technical consulting fees. Such payment will be made via check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. WAP's above-signed counsel hereby certifies that the actual costs and fees incurred in this litigation equal or exceed $45,000.

8.  WAP agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

A.  WAP will dismiss the Appeal within three business days of the entry of this Consent Decree by the Court if it has not previously been dismissed.

CONSENT DECREE – Page 7
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

      B.      During the Effective Period of the Consent Decree, WAP will seek recourse against USB for any alleged violations of the Permit or other claims or causes of action related to discharges of stormwater from the Facility that occur during the Effective Period only through enforcement of this Consent Decree as described in the following paragraph, and WAP otherwise forever releases and covenants not to sue USB or its present and former officers, directors, employees, affiliates, shareholders, representatives, consultants, contractors, agents, attorneys, predecessors, successors and assigns for any such alleged violations.

      9.      This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties will meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court will apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d). Aside from the foregoing, USB will not be required to pay any of WAP's fees and

CONSENT DECREE – Page 8
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1    costs (including environmental consulting fees) for or related to WAP's oversight

2    of USB's compliance with this Consent Decree.

3    　　　　10.　　All notices and other communications regarding this Consent

4    Decree will be in writing and will be given by mailing via first-class mail,

5    postage pre-paid; or by delivering the same by hand; or by sending the same via

6    e-mail to the following addresses, or to such other addresses as the Parties may

7    designate by written notice, provided that communications that are mailed will

8    be deemed to have been given until three business days after mailing:

9    　　For Waste Action Project:　　　　　　For United States Bakery:

10

11   　　Smith & Lowney, PLLC　　　　　　　Tonkon Torp, LLP
     　　Richard A. Smith　　　　　　　　　　Caroline Harris Crowne
12   　　Savannah Rose　　　　　　　　　　　Jeanette Schuster
     　　2317 East John Street　　　　　　　　888 S.W. Fifth Avenue, Suite 1600
13   　　Seattle, WA 98112　　　　　　　　　Portland, Oregon
     　　richard@smithlowney.com　　　　　　caroline.harris.crowne@tonkon.com
14   　　savannah@smithlowney.com　　　　　jeanette.schuster@tonkon.com

15   　　　　11.　　This Consent Decree constitutes the entire agreement between the

16   Parties. There are no other or further agreements, either written or verbal. This

17   agreement may not be modified or amended except by a writing signed by both

18   Parties and entered by the Court.

19   　　　　12.　　Each party acknowledges that it has sought and obtained the

20   advice of its own independent legal counsel before executing this Consent

21   Decree. The Parties acknowledge that they have had the opportunity to freely

22   negotiate the terms of this Consent Decree.

23   　　　　13.　　If for any reason the Court should decline to approve this proposed

24   Consent Decree in the form presented, this Consent Decree is voidable at the

25   discretion of either party.  The Parties agree to continue negotiations in good

26

CONSENT DECREE – Page 9
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

14. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, WAP will serve copies of it upon the Administrator of EPA and the U.S. Attorney General.

DATED this 23rd day of June, 2023.

_____
Jamal N. Whitehead
United States District Judge

CONSENT DECREE – Page 10
No. 2:21-CV-01631

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440



## LEGEND

- SPILL KIT
- MANHOLE
- CATCH BASIN
- ① 200,000-POUND SILO PATENT WHITE FLOUR
- ② 200,000-POUND SILO PATENT WHITE FLOUR
- ③ 200,000-POUND SILO WHOLE WHEAT FLOUR
- ④ 400-GALLON USED OIL AST
- ⑤ MAINTENANCE SHOP WASTE STORAGE AREA
- ⑥ SCRAP METAL BIN
- ⑦ TRASH COMPACTOR
- ⑧ PRODUCT STORAGE AREA 1
- ⑨ PRODUCT STORAGE AREA 2
- APPROXIMATE SURFACE FLOW DIRECTION
- SEWER LINE
- STORMDRAIN
- CITY SEWER LINE
- CITY STORMDRAIN
- ASPHALT BERM
- SITE BOUNDARY
- AST = ABOVEGROUND STORAGE TANK

N

0 60

SCALE IN FEET

NOTES:
1. ALL LOCATIONS ARE APPROXIMATE.
2. FIGURES WERE PRODUCED IN COLOR. GRAYSCALE COPIES MAY NOT REPRODUCE ALL ORIGINAL INFORMATION.

FARALLON CONSULTING

Washington
Issaquah | Bellingham | Seattle

Oregon
Portland | Baker City

California
Oakland | Irvine

Your Challenges. Our Priority. | farallonconsulting.com

FIGURE 2

SITE PLAN
FRANZ FAMILY BAKERIES
2901 6th AVENUE SOUTH
SEATTLE, WASHINGTON

FARALLON PN: 1761-014

Drawn By: sgaynier Checked By: MA Date: 10/25/2021 Disc Reference:
Q:\Projects\1761 US Bakery Entities\014 US Bakeries-Seattle 6th\Mapfiles\002\Figure-02_SitePlan_landscape.mxd

Exhibit 1



Mar 3, 2023

RE: Waste Action Project v. United States Bakery dba Franz Family Bakeries

To Whom It May Concern:

This letter is intended to provide assurance that I have received the Consent Decree between Waste Action Project and United States Bakery dba Franz Family Bakeries ("USB") and that I am authorized by my Board of Directors to make the following binding commitments on behalf of EarthCorps:

1. I understand that EarthCorps should receive funds from USB as specified in the Consent Decree.
2. EarthCorps shall only use these USB funds for environmentally beneficial projects which benefit the lands and waters of Puget Sound. We shall expend these funds working with partners wholly dedicated to supporting projects which benefit the water quality of the Puget Sound specifically, the Duwamish River.
3. Due to the location of USB near the Duwamish Waterway, EarthCorps shall target the funds towards projects located in or benefitting that watershed. Furthermore, EarthCorps shall work with community partners to select projects that benefit not only the watershed, but also neighborhoods and communities impacted by environmental degradation in the area.
4. After funds have been disbursed, EarthCorps shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

EarthCorps is a community-based 501(c)3 nonprofit (Tax ID 91-1592017) organization dedicated to protecting and restoring local watershed lands. EarthCorps' mission is to cultivate leaders and community partnerships to advance environmental justice. To fulfill this mission, EarthCorps raises money and secures funding to conduct the following activities:

- Implement habitat restoration and stewardship projects. Primary activities by EarthCorps have focused on invasive plant removal and installation of native plants and creation and stewardship of green stormwater infrastructure.
- Engage youth and community volunteers in hands-on stewardship.
- Train young adults for stewardship careers.
- Partner with government, nonprofit, and community organizations in carrying out our charitable purpose.
- EarthCorps does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the APP funds shall be used to support any political lobbying activities whatsoever.

EarthCorps is governed by a Board of Directors. EarthCorps is committed to sound fiscal management. EarthCorps contracts with an independent certified public accounting firm to conduct an audit annually. Please do not hesitate to contact me with questions or for additional information.

Sincerely,

Evlyn Andrade
Executive Director

**LOCAL RESTORATION | GLOBAL LEADERSHIP**

6310 NE 74th Street, Suite 201E Seattle, WA 98115 *phone* 206.322.9296 *fax* 206.322.9312 *www.earthcorps.org*

Exhibit 2